MARÍA TERESA MALDONADO ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1201. *Submitted January 13, 1947.—Decided April 24, 1947.*

*Severo Abella Bastón* for appellants. The registrar did not appear.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The Mortgage Law problem involved in this case is very simple. By a deed of October 17, 1927, before Notary Andrés Mena Latorre the spouses Luis Díaz Morales and María Teresa Maldonado executed a mortgage in favor of Angel Buonomo Tomasini and Daniel Buonomo López to secure the rental of two properties which the mortgagees had leased to Luis Díaz Morales. On October 14, 1932, the mortgagees signed and delivered to the debtor a private document wherein they stated that they had received from the latter full payment of the last rental of lease, and that they bound themselves to execute the corresponding deed of cancellation of mortgage at the debtor's request.

On October 8, 1946, Daniel Buonomo López executed the aforesaid deed of cancellation of mortgage before Notary Andrés Mena Latorre inserting therein the said private document, but the other mortgagee Angel Buonomo Tomasini,[1]

---

[1] It seems that the private document was inserted in the deed in order to cure the nonappearance of Angel Buonomo Tomasini.

did not appear in the deed. Upon presenting the deed of cancellation in the Registry of Property of Caguas, the registrar denied its recordation because it had been executed by Daniel Buonomo López without the concurrence of the other mortgage creditor, entering a cautionary notice for the statutory term of 120 days in favor of the mortgagor. From this note the present appeal has been taken.

The insertion of the private document in the deed did not convert it into the public instrument or authentic document required for the cancellation of a mortgage by the first paragraph of § 82 of the Mortgage Law, which reads thus:

"Records . . . made by virtue of a public instrument can be canceled only . . . by another instrument or authentic document in which the person in whose favor the record . . . may have been made, or his assigns or legal representatives signify their consent to the cancellation."

Since it does not appear from the deed of cancellation that Angel Buonomo Tomasini, the mortgagee, nor his predecessor or legal representatives,[2] had expressed their consent in a public instrument or authentic document for the cancellation of the mortgage, the registrar did not err in denying the record sought.

The registrar's note is affirmed.

---

[2] In an attempt to change his theory as set forth in his petition, appellant filed an amended petition to which he attached an unrecorded copy of the will of Angel Buonomo Tomasini wherein the testator instituted Daniel Buonomo López as heir of. one-fourth of one-third of the inheritance. Appellant contends that in his capacity as heir, he could execute a full cancellation. Without entering into other considerations, we ask: By what right can the heir of one-twelfth of an undivided inheritance cancel the whole of a mortgage pertaining to the estate?